**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. _____

BRANDON BAKER,

Plaintiff,

v.

WELLS FARGO BANK, N.A., and BLUE FEDERAL CREDIT UNION,

Defendants.

_____

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL**
_____

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446,  Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through undersigned counsel, hereby gives Notice of Removal of the above-captioned civil action, currently pending in the District Court of Larimer County, Colorado, to the United States District Court for the District of Colorado.  In further support of this Notice, Wells Fargo states as follows:

**INTRODUCTION**

On December 4, 2019, a Colorado resident, Plaintiff Brandon Baker ("Plaintiff" and/or "Mr. Baker"), filed two virtually-identical complaints against out-of-state residents Wells Fargo and co-Defendant Blue Federal Credit Union, a federally-chartered credit union ("Blue FCU"), both of which seek damages in excess of $75,000.  Mr. Baker filed one complaint in the United States District Court for the District of Colorado ("Federal Court Action")[1] and the other in the

---

[1] The Federal Court Action is Case No. 19-CV-03416-NYW.

DMNorth #7093788 v1

District Court of Larimer County, Colorado ("State Court Action"). Both complaints allege, among other things, that Wells Fargo and Blue FCU violated the First Amendment of the United States Constitution by discriminating against Plaintiff based on his alleged religious beliefs.

Wells Fargo is entitled to remove the State Court Action under 28 U.S.C. §§ 1331, 1332, 1441, and 1446 because: (1) the State Court Action asserts claims that raise federal Constitutional questions and any state-law claims are sufficiently related to those federal-law questions; and (2) complete diversity exists between the parties in the State Court Action, and the amount in controversy exceeds $75,000.

## STATE COURT ACTION

1. On December 4, 2019, Plaintiff filed the State Court Action against Wells Fargo and Blue FCU (together, "Defendants") in the District Court of Larimer County, Colorado, Case No. 19CV208 (the "State Court Action"). [*See* Ex. A (Civil Case Cover Sheet), Ex. B (Summons), and Ex. C (Complaint)].

2. Plaintiff served Wells Fargo with the Summons and Complaint on December 5, 2019.

3. At the time of filing this Notice, Wells Fargo is unable to determine from the court's records whether Plaintiff has served Blue FCU in the State Court Action.

4. Neither Wells Fargo nor Blue FCU has entered an appearance or filed any motion or responsive pleading in the State Court Action.

## PROPRIETY OF REMOVAL

### A.    Original, Federal-Question Jurisdiction

5.    The State Court Action purports to assert claims against Defendants under the First Amendment of the United States Constitution for: (i) religious discrimination; (ii) failure to accommodate; (iii) disparate treatment; and (iv) retaliation.  [*See* Ex. C ¶¶ 23-40 (citing rights "protected by the 1st amendment of the US and State Constitutions")].

6.    The State Court Action also purports to assert the same claims against Defendants under Colorado's Constitution.  [*See id.*].

7.    This Court has original, federal-question jurisdiction over Plaintiff's federal Constitutional claims because they arise under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.

8.    Furthermore, Plaintiff's state Constitutional law claims are so related to the federal-law claims that they all form part of the same case or controversy under Article III of the United States Constitution, and are thus subject to the Court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).

### B.    Diversity Jurisdiction

9.    Plaintiff has been and is, both upon the filing of the Complaint in the State Court Action and the filing of this Notice of Removal, a resident of the State of Colorado.  [*See* Ex. C ¶ 2].

10.    Defendant Wells Fargo has been and is, both upon the filing of the Complaint in the State Court Action and the filing of this Notice of Removal, a national banking association with its main office located in Sioux Falls, South Dakota.  Wells Fargo is therefore a resident of

South Dakota. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218-22 (2d Cir. 2016) (holding that "a national bank is a citizen only of the state" where "its main office" is located).

11.     Defendant Blue FCU has been and is, both upon the filing of the Complaint in the State Court Action and the filing of this Notice of Removal, a federal credit union with its main office located in Cheyenne, Wyoming.  Blue FCU is therefore a resident of Wyoming.  *See Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

12.     Because Plaintiff is a citizen of Colorado and none of the Defendants are citizens of Colorado, complete diversity exists between the parties.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 74 (1978).

13.     The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.  [*See* Ex. A at p. 1; Ex. C ¶ 41].

## C.     Venue

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).  The State Court Action was pending in the District Court of Larimer County, Colorado, which is encompassed by the District of Colorado.

## D.     Timeliness of Removal

15.     This Notice of Removal is timely under 28 U.S.C. § 1446(b).  Plaintiff served Wells Fargo's registered agent with the Summons and Complaint less than 30 days ago.

## E.     Process, Pleadings and Orders

16.     Pursuant to 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, a legible copy of the docket and all process, pleadings, and orders from the State Court Action are attached hereto as Exhibits A through C.  There are no pending motions or petitions in the State Court Action.

17.    A copy of the State Court docket sheet will be filed in accordance with D.C.COLO.LCivR 81.1.B.

**F.    State Court Settings**

18.    As of the date and time of the filing of this Notice of Removal, no hearings are scheduled in the State Court Action.

**G.    Service**

19.    A copy of this Notice is being served contemporaneously upon Plaintiff.   In addition, pursuant to D.C.COLO.LCivR 81.1.C, a copy of this Notice of Removal is being filed with the Clerk of the District Court for Larimer County, Colorado.

**CONSENT OF NON-REMOVING DEFENDANT**

20.    The only non-removing defendant, Blue FCU, has not entered an appearance in the State Court Action, and Wells Fargo is unable to ascertain from the court's records whether Plaintiff has served Blue FCU.

21.    28 U.S.C. § 1446 "requir[es] only *served* defendants to consent to removal." *Sheldon v. Khanal*, 502 F. App'x 765, 770 (10th Cir. 2012) (emphasis in original); *see also Barton v. Key Gas Corp.*, No. 05-cv-01856 -REB-PAC, 2006 U.S. Dist. LEXIS 69938, at \*4-5 (D. Colo. Sep. 26, 2006) (holding that removal statute does not require removing defendant "to conduct an independent investigation to determine if [the non-removing defendant] had been served when service on [the non-removing defendant] was not of record in the case before the notice of removal was filed").

22.    Accordingly, while it is currently unknown whether Blue FCU consents to removal, this Notice is nonetheless timely and proper.  Should Plaintiff properly serve Blue FCU, Wells

Fargo or Blue FCU will timely notify the Court of Blue FCU's consent (or non-consent) to removal.

## **RESERVATION OF RIGHTS**

23.    Wells Fargo submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, and without conceding that Plaintiff has pleaded any claims upon which relief can be granted.  Wells Fargo expressly reserves the right to assert that all claims by and between Plaintiff and Wells Fargo are subject to a binding arbitration agreement between Plaintiff and Wells Fargo.

WHEREFORE, Wells Fargo, having met its burden to establish federal question and/or diversity jurisdiction over the State Court Action, requests that the above-captioned action be docketed and proceed in the United States District Court for the District of Colorado.

*Signature page follows*

Dated:  January 2, 2020           Respectfully submitted,


*s/     Patrick G. Compton*
       Patrick G. Compton, Co. Bar #34425
       J. Matthew Thornton, Co. Bar #48803
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO  80202-5596
Telephone: (303) 292-3400
Facsimile:  (303) 296-3956
comptonp@ballardspahr.com
thorntonj@ballardspahr.com
Attorneys for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system, and mailed to the parties.

*s/ Darlene E. Dethlefs*
Darlene E. Dethlefs